WOODRUFF, SPRADLIN & SMART, APC
PATRICK M. DESMOND - State Bar No. 215029
pdesmond@wss-law.com
555 Anton Boulevard, Suite 1200
Costa Mesa, California 92626-7670
Telephone:  (714) 558-7000
Facsimile:   (714) 835-7787

Attorneys for Defendant CITY OF TORRANCE, a public entity

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILEY DELIEFDE SWAINE,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF TORRANCE, CODY WELDIN, CHRISTOPHER TOMSIC, VAN LINGEN TOWING, INC., VAN LINGEN BODY SHOP, INC., ROBERT VAN LINGEN and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO.: 2:22-cv-00404-MCS-RAO<br><br>BEFORE THE HONORABLE MARK C. SCARSI COURTROOM 7C<br><br>**DEFENDANT CITY OF TORRANCE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

COMES NOW Defendant CITY OF TORRANCE, a public entity, ("Defendant"), to answer the first amended complaint of Plaintiff KILEY DELIEFDE SWAINE ("Plaintiff") as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Answering Paragraphs 1, 2, 6, and 9 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

1

2.     Answering Paragraph 3 of the first amended complaint, this answering Defendant admits that Plaintiff submitted a document purporting to be a Government Claim on January 19, 2022, but denies that said document was a timely Government Claim.  Further, the Exhibit referenced is not attached to the first amended complaint.

3.     Answering Paragraphs 4, 7 and 8 of the first amended complaint, this answering Defendant admits the allegations contained in these paragraphs.

4.     Answering Paragraphs 5 of the first amended complaint, this answering Defendant denies, both generally and specifically, each and every allegation contained in said Paragraphs.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

5.     Answering Paragraphs 10, 16, 17, 18, 19, 20, 21, 23, 24, 26, 27, 28,  of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

6.     Answering Paragraph 11 of the first amended complaint, this answering Defendant admits the allegations contained in this paragraph.

7.     Answering Paragraph 12 of the first amended complaint, this answering Defendant admits that Defendant Tomsic was, at all complained of times, a Certified California Peace Officer, a Sworn Police Officer, employed by the Torrance Police Department and was acting under color of law as an individual.   This answer Defendant denies, specifically and generally, all other allegations in this paragraph, including but not limited to denying that Defendant Tomsic was acting within the course and scope of his employment with the City.

8.     Answering Paragraph 13 of the first amended complaint, this answering Defendant admits that Defendant Weldin was, at all complained of times, a Certified California Peace Officer, a Sworn Police Officer, employed by the Torrance Police Department and was acting under color of law as an individual.   This answer

1701429.1

Defendant denies, specifically and generally, all other allegations in this paragraph, including but not limited to denying that Defendant Weldin was acting within the course and scope of his employment with the City.

9.      Answering Paragraphs 14 and 15 of the first amended complaint, on information and belief, this answering Defendant admits the allegations contained in these paragraphs.

10.     Answering Paragraph 22 of the first amended complaint, on information and belief, this answering Defendant denies, both generally and specifically, each and every allegation contained in said Paragraph.

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

11.     Answering Paragraphs 29, 32, 33 of the first amended complaint, on information and belief, this answering Defendant admits the allegations contained in this paragraph.

12.     Answering Paragraph 30 of the first amended complaint, on information and belief, this answering Defendant admits that on January 27, 2020, Torrance Police Officers, including Defendants Tomsic and Weldin, responded to the call referenced in paragraph 29.

13.     Answering Paragraph 31 of the first amended complaint, on information and belief, this answering Defendant admits that on January 27, 2020, Torrance Police Officers that responded to the call referenced in paragraph 29, located Plaintiff and detained him for investigation.   Except as specifically admitted, this answering Defendant denies, both generally and specifically, the remaining allegations in this paragraph.

14.     Answering Paragraph 34 of the first amended complaint, this answering Defendant, on information and belief, admits that Torrance Police Officers had Plaintiff's car towed to Van Lingen Towing in Torrance, CA.

15.     Answering Paragraph 35 of the first amended complaint, this answering Defendant, on information and belief, admits that after Plaintiff was taken to Torrance

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1
2
3

City Jail, Defendants Weldin and Tomsic participated in some fashion in vandalizing Plaintiff's car.  Except as specifically admitted, this answering Defendant denies, both generally and specifically, the remaining allegations in this paragraph.

4
5
6

16.     Answering Paragraph 36 of the first amended complaint, , on information and belief, this answering Defendant denies, both generally and specifically, each and every allegation contained in said Paragraph.

7
8
9
10
11
12
13
14

17.     Answering Paragraph 37 of the first amended complaint, on information and belief, this answering Defendant admits that Weldin and/or Tomsic vandalized Plaintiff's car and that said vandalism included spray painting a swastika and happy face, placing spray paint on the rear view mirror and rear bumper.   As to the remaining allegations in this paragraph, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

15
16
17
18
19
20
21
22

18.     Answering Paragraph 38 of the first amended complaint, this answering Defendant on information and belief, denies, specifically and generally, that Defendant Tomsic's and Weldin's complained of actions were witnessed by any other Torrance Police Officer.   As to the remaining allegations in this paragraph, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

23
24
25
26
27
28

19.     Answering Paragraph 39 of the first amended complaint, this answering Defendant, on information and belief, admits that Defendants Tomsic and Weldin vandalized Plaintiff's car and that it was towed some time after by Christopher Dunn on a flat-bed truck to van Lingen Towing in Torrance, CA.   As to the remaining allegations contained in this paragraph, this answering Defendant denies, specifically and generally, each and every allegation.

4

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

20.     Answering Paragraph 40 of the first amended complaint, this answering Defendant admits that Plaintiff was taken to Torrance City Jail and booked on charges related to alleged theft.  As to the remaining allegations, including but not limited to the allegations in footnote 27, this answering Defendant denies, specifically and generally, each and every allegation.

21.     Answering Paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 50, 51, 53, 54, 55, 58, 59, 60, 61, 62, 63, 65, 66, 67, 68, 69, 70, 71, 72, 74, 81, 85 and 88 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

22.     Answering Paragraph 52 of the first amended complaint, on information and belief, this answering Defendant admits that Plaintiff's car was vandalized by Defendants Tomsic and/or Weldin.   On information and belief, this answering Defendant denies, specifically and generally, that any other Torrance Police Officers witnessed or were involved said vandalization.  As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

23.     Answering Paragraph 56 of the first amended complaint, on information and belief, this answering Defendant admits the allegations in this paragraph.

24.     Answering Paragraph 57 of the first amended complaint, this answering Defendant, on information and belief and as to the facts plead related to Sgt. Daniel Vasquez and Officer Scott Nakayama admits these allegations.  As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation

1701429.1

contained therein.

25.     Answering Paragraphs 64, 73, 75, 76, 77, 78, 79, 80, 82, 83, 84, 87, 89 and 90 of the first amended complaint, this answering Defendant, on information and belief, denies, specifically and generally, each and every allegation contained in these paragraphs.

26.     Answering Paragraph 86 of the first amended complaint, this answering Defendant, on information and belief, admits that Christopher Dunn told a Torrance Police investigator that Defendants Tomsic and Welding vandalized Plaintiff's car. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1983)

### (Violation of Fourth Amendment Rights Unlawful/Unreasonable Search and Seizure of Personal Property Against defendants TOMSIC, WELDIN and DOES 1 through 4, inclusive)

27.     Answering Paragraph 91 of the first amended complaint, this answering Defendant refers to its answers to the allegations incorporated by reference into said Paragraph and incorporate said answers herein by reference as though fully set forth and for the same effect.

28.     Answering Paragraph 92 of the first amended complaint, this answering Defendant, on information and belief, admits that Defendants Tomsic and Weldin, in response to a call for service related to a report of stolen packages, located Plaintiff. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

1701429.1

29.     Answering Paragraph 93 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff was arrested for stealing packages.   As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

30.     Answering Paragraphs 94 and 95 of the first amended complaint, this answering Defendant admits the allegations contained in these paragraphs.

31.     Answering Paragraph 96 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff discovered that his car had been vandalized when he went to the tow yard on January 29, 2020 to pick it up.   As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

32.     Answering Paragraph 97 of the first amended complaint, this answering Defendant, on information and belief, admits that Defendants Tomsic and/or Weldin, vandalized Plaintiff's car.   As to the remaining allegations, on information and belief, this answering Defendant denies, both generally and specifically, each and every remaining allegation contained in said Paragraph.

33.     Answering Paragraphs 98, 99, 102 and 104 of the first amended complaint, on information and belief, this answering Defendant denies, both generally and specifically, each and every allegation contained in these Paragraph.

34.     Answering Paragraph 100 of the first amended complaint, this answering Defendant admits that there was legitimate law enforcement objective or purpose in Defendants Tomsic's and/or Weldin's vandalizing Plaintiff's car.   As to the remaining allegations in this paragraph, on information and belief, this answering Defendant denies, both generally and specifically, each and every allegation contained in said

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

Paragraph.

35.     Answering Paragraphs 104 and 105 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1983)

**(Violation of Fourth and Fourteenth Amendment Rights Unlawful/Unreasonable Search and Seizure of Personal Property without Procedural Due Process of Law Against defendants TOMSIC, WELDIN and DOES 1 through 4, inclusive)**

36.     Answering Paragraph 106 of the first amended complaint, this answering Defendant refers to its answers to the allegations incorporated by reference into said Paragraph and incorporate said answers herein by reference as though fully set forth and for the same effect.

37.     Answering Paragraph 107 of the first amended complaint, this answering Defendant, on information and belief, admits that Defendants Tomsic and Weldin, in response to a call for service related to a report of stolen packages, located Plaintiff. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

38.     Answering Paragraph 108 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff was arrested for stealing packages.     As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

8

1701429.1

39. Answering Paragraphs 109 and 110 of the first amended complaint, this answering Defendant admits the allegations contained in these paragraphs.

40. Answering Paragraph 111 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff discovered that his car had been vandalized when he went to the tow yard on January 29, 2020 to pick it up. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

41. Answering Paragraph 112 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

42. Answering Paragraph 113 of the first amended complaint, this answering Defendant, on information belief, admits that Defendants Tomsic and/or Weldin's vandalizing Plaintiff's vehicle, which was outside of the course and scope of their employment, was illegal. As to the remaining allegations, on information and belief, this answering Defendant denies, both generally and specifically, each and every allegation contained in said Paragraph.

43. Answering Paragraphs 114, 115 and 117 of the first amended complaint, on information and belief, this answering Defendant denies, both generally and specifically, each and every allegation contained in these Paragraph.

44. Answering Paragraph 116 of the first amended complaint, this answering Defendant admits that there was legitimate law enforcement objective or purpose in Defendants Tomsic's and/or Weldin's vandalizing Plaintiff's car. As to the remaining allegations in this paragraph, on information and belief, this answering Defendant denies, both generally and specifically, each and every allegation contained in said Paragraph.

1701429.1

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

45.     Answering Paragraphs 118 and 119 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

### THIRD CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1983)

**(Violation of Fourteenth Amendment Rights)**
**(Violation of Substantive Due Process of Law Against defendants TOMSIC, WELDIN and DOES 1 through 4, inclusive)**

46.     Answering Paragraph 120 of the first amended complaint, this answering Defendant refers to its answers to the allegations incorporated by reference into said Paragraph and incorporate said answers herein by reference as though fully set forth and for the same effect.

47.     Answering Paragraph 121 of the first amended complaint, this answering Defendant, on information and belief, admits that Defendants Tomsic and Weldin, in response to a call for service related to a report of stolen packages, located Plaintiff. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

48.     Answering Paragraph 122 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff was arrested for stealing packages.    As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

///

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1701429.1

49.    Answering Paragraphs 123 and 124 of the first amended complaint, this answering Defendant admits the allegations contained in these paragraphs.

50.    Answering Paragraph 125 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff discovered that his car had been vandalized when he went to the tow yard on January 29, 2020 to pick it up.  As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

51.    Answering Paragraph 126, 127 and 128 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

### (VIOLATION OF 42 U.S.C. § 1983)

**(Violation of Fifth and Fourteenth Amendment Rights Unlawful Taking of Personal Property Without Just Compensation/Without Due Process of the Law Against defendants TOMSIC, WELDIN and DOES 1 through 4, inclusive)**

52.    Answering Paragraph 129 of the first amended complaint, this answering Defendant refers to its answers to the allegations incorporated by reference into said Paragraph and incorporate said answers herein by reference as though fully set forth and for the same effect.

53.    Answering Paragraph 130 of the first amended complaint, this answering Defendant, on information and belief, admits that Defendants Tomsic and Weldin, in response to a call for service related to a report of stolen packages, located Plaintiff. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and

WOODRUFF, SPRADLIN<br>& SMART<br>ATTORNEYS AT LAW<br>COSTA MESA

basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

54.     Answering Paragraph 131 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff was arrested for stealing packages.     As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

55.     Answering Paragraphs 132 and 133 of the first amended complaint, this answering Defendant admits the allegations contained in these paragraphs.

56.     Answering Paragraph 134 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff discovered that his car had been vandalized when he went to the tow yard on January 29, 2020 to pick it up.  As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

57.     Answering Paragraph 135, 136,137 and 138 of the first amended first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

///

///

///

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1701429.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

**FIFTH CAUSE OF ACTION**

**(VIOLATION OF 42 U.S.C. § 1983)**

**MUNICIPAL LIABILITY [MONELL LIABLITY]**

**(Policy/de facto Policy via Longstanding Customs and Practices of Police Agency via 42 U.S.C. § 1983, for Creation and Maintenance of Neo-Nazi/White Supremacist Police Officer Gang(s), Resulting in Violation of Equal Protection of the Laws, Hate Crimes Perpetrated Against Civilians and Other Federal Constitutional Torts to Otherwise Terrorize Civilians to Advance the Goals of Said Officer Gangs Against defendants CITY OF TORRANCE and DOES 7 through 10, inclusive)**

58.     Answering Paragraph 139 of the first amended complaint, this answering Defendant refers to its answers to the allegations incorporated by reference into said Paragraph and incorporate said answers herein by reference as though fully set forth and for the same effect.

59.     Answering Paragraph 140 of the first amended complaint, this answering Defendant, on information and belief, admits that Defendants Tomsic and Weldin, in response to a call for service related to a report of stolen packages, located Plaintiff. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

60.     Answering Paragraph 141 of the first amended complaint, this answering Defendant, on information and belief, admits that Plaintiff was arrested for stealing packages.   As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

61.     Answering Paragraphs 142 and 143 of the first amended complaint, this answering Defendant admits the allegations contained in these paragraphs.

62.     Answering Paragraph 144 of the first amended complaint, this answering

1701429.1

Defendant, on information and belief, admits that Plaintiff discovered that his car had been vandalized when he went to the tow yard on January 29, 2020 to pick it up. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

63. Answering Paragraph 145, of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

64. Answering Paragraphs 146, 147, 148, 149, 150, 151, 152 and 153 of the first amended complaint, on information and belief, this answering Defendant denies, both generally and specifically, each and every allegation contained in said Paragraph.

## SIXTH CAUSE OF ACTION

### Intentional Misrepresentation/Fraud

### (Under California State Law)

### (By Plaintiff Against CITY OF TORRANCE, CODY WELDIN, CHRISTOPHER TOMSIC, VAN LINGEN TOWING, INC., VAN LINGEN BODY SHOP, INC., ROBERT VAN LINGEN and DOES 1 through 10, inclusive)

65. Answering Paragraph 154 of the first amended complaint, this answering Defendant refers to its answers to the allegations incorporated by reference into said Paragraph and incorporate said answers herein by reference as though fully set forth and for the same effect.

66. Answering Paragraph 155 of the first amended complaint, on information and belief, this answering Defendant admits that Weldin and/or Tomsic vandalized Plaintiff's car and that said vandalism included spray painting a swastika and happy face, placing spray paint on the rear-view mirror and rear bumper. As to the remaining allegations in this paragraph, this answering Defendant has no information

1701429.1

or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

67.     Answering Paragraph 156 of the first amended complaint, this answering Defendant on information and belief, denies, specifically and generally, that Defendant Tomsic's and Weldin's complained of actions were witnessed by any other Torrance Police Officer.   As to the remaining allegations in this paragraph, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

68.     Answering Paragraph 157 of the first amended complaint, this answering Defendant, on information and belief, admits that Defendants Tomsic and Weldin vandalized Plaintiff's car and that it was towed some time after by Christopher Dunn on a flat-bed truck to Van Lingen Towing in Torrance, CA.   As to the remaining allegations contained in this paragraph, this answering Defendant denies, specifically and generally, each and every allegation.

69.     Answering Paragraph 158 of the first amended complaint, this answering Defendant admits that Plaintiff was taken to Torrance City Jail and booked on charges related to alleged theft.   As to the remaining allegations, including but not limited to the allegations in footnote 111, this answering Defendant denies, specifically and generally, each and every allegation.

70.     Answering Paragraphs 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 170, 171, 172, 175, 176, 177, 178, 179, 186, 187, 188, 189, 190, 191, 192, 201, 206 and 207 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

1701429.1

71. Answering Paragraph 169 of the first amended complaint, on information and belief, this answering Defendant admits that Plaintiff's car was vandalized by Defendants Tomsic and/or Weldin. On information and belief, this answering Defendant denies, specifically and generally, that any other Torrance Police Officers witnessed or were involved said vandalization. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, denies generally and specifically, all and singular, each and every allegation contained therein.

72. Answering Paragraph 173 of the first amended complaint, on information and belief, this answering Defendant admits the allegations in this paragraph.

73. Answering Paragraph 174 of the first amended complaint, this answering Defendant, on information and belief and as to the facts plead related to Sgt. Daniel Vasquez and Officer Scott Nakayama admits these allegations. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

74. Answering Paragraphs 180, 181, 182, 183, 184, 185, 193, 194, 195, 196, 197, 198, 199, 200, 202, 203, 204 and 205 of the first amended complaint, this answering Defendant, on information and belief, denies, specifically and generally, each and every allegation contained in these paragraphs.

## SEVENTH CAUSE OF ACTION

### Conversion Under California State Law

### (Against Defendants CITY OF TORRANCE, TOMSIC, WELDIN and DOES 1 through 4, inclusive)

75. Answering Paragraph 208 of the first amended complaint, this answering Defendant refers to its answers to the allegations incorporated by reference into said

Paragraph and incorporate said answers herein by reference as though fully set forth and for the same effect.

76.    Answering Paragraph 209 this answering Defendant admits that, on information and belief, Defendants Tomsic and/or Weldin wrongfully vandalized Plaintiff's car and that when they did so they were acting outside of the course and scope of their employment.  As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

77.    Answering Paragraph 210 of the first amended complaint, this answering Defendant assumes that Plaintiff did not consent to have his car vandalized and, on that basis, admits as much.

78.    Answering Paragraphs 211, 213 and 214 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

79.    Answering Paragraph 212 of the first amended complaint, on information and belief, this answering Defendant denies that its conduct caused Plaintiff any harm. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

**Trespass to Chattels**
**Under California State Law**
**(Against Defendants CITY, TOMSIC, WELDIN and DOES 1 through 4, inclusive)**

80.    Answering Paragraph 215 of the first amended complaint, this answering

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1701429.1

Defendant refers to its answers to the allegations incorporated by reference into said Paragraph and incorporate said answers herein by reference as though fully set forth and for the same effect.

81.     Answering Paragraph 216 this answering Defendant admits that, on information and belief, Defendants Tomsic and/or Weldin wrongfully vandalized Plaintiff's car and that when they did so they were acting outside of the course and scope of their employment.  As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

82.     Answering Paragraph 217 of the first amended complaint, this answering Defendant assumes that Plaintiff did not consent to have his car vandalized and, on that basis, admits as much.

83.     Answering Paragraphs 218, 220 and 221 of the first amended complaint, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

84.     Answering Paragraph 219 of the first amended complaint, on information and belief, this answering Defendant denies that its conduct caused Plaintiff any harm. As to the remaining allegations, this answering Defendant has no information or belief sufficient to enable it to answer the allegations contained in said Paragraph, and basing its denial on said grounds, deny generally and specifically, all and singular, each and every allegation contained therein.

85.     This answering Defendant points out that Plaintiff lists a cause of action for intentional infliction of emotional distress in the caption of the first amended complaint but does not allege this cause of action in the body of the first amended complaint.  This answering Defendant brought this to the attention of Plaintiff,

however, it was not corrected.  This answering Defendant objects to Plaintiff pursuing a cause of action for intentional infliction of emotional distress.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSETO EACH CAUSE OF ACTION

### (No Cause of Action)

As an affirmative defense, Defendant alleges that each cause of action contained in the complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSETO EACH CAUSE OF ACTION

### (Comparative Negligence)

As an affirmative defense, Defendant alleges that the conduct, misconduct and/or negligence of Plaintiff caused and contributed to any alleged damages which may have been sustained by Plaintiff, and by reason thereof, Plaintiff should be barred from recovery, or in the alternative, should have any recovery diminished by the amount or percentage that said conduct, misconduct or negligence caused or contributed to the alleged damages, should they be proven.

### THIRD AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

### (Failure to Make Claim)

As an affirmative defense, Defendant alleges Plaintiff is in violation of the Government Tort Claims Act, in that no claim was timely filed with Defendant. Accordingly, the complaint is barred.

### FOURTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

### (Failure to File Timely Action After Rejection of Claim)

As an affirmative defense, Defendant alleges that Plaintiff is in violation of the Government Tort Claims Act, in that the instant action was filed more than six months after the denial of Plaintiff's claim.  Accordingly, the complaint is barred.

### FIFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

### (G.C. 815.2 - Public Entity Immune)

As an affirmative defense, Defendant alleges that Defendant is not liable for the

1701429.1

damages, if any, alleged in the complaint by reason of the provisions of Government Code section 815.2(a) and (b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

### SIXTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION
### (G.C. 815.6 - Reasonable Care)

As an affirmative defense, Defendant alleges that, pursuant to Government Code sections 815.2 and 815.6, any and all mandatory duties imposed on Defendant, and Defendant's agents or employees, the failure of which allegedly created the condition at the time and place which is the subject of this complaint, were exercised with reasonable diligence and, therefore, Defendant is not liable to Plaintiff for the alleged injuries.

### SEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION
### (G.C. 818 - Punitive Damages)

As an affirmative defense, Defendant alleges that, pursuant to the provisions of Government Code section 818, a public entity cannot be liable for damages awarded under section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing a defendant.

### EIGHTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION
### (G.C. 820.2 - Abuse of Discretion)

As an affirmative defense, Defendant alleges that, pursuant to the provisions of Government Code sections 820.2 and 815.2, a public entity and its employees, officers and agents are not responsible for injury or damage resulting from an act or omission that was a result of the exercise of discretion vested in such officer, employee or agent, whether or not such discretion was abused.

### NINTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION
### (G.C. 820.4 - Law Enforcement Activities)

As an affirmative defense, Defendant alleges that, pursuant to the provisions of

1701429.1

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

Government Code section 820.4 and section 815.2, a public entity and its employees, officers and agents are immune from tort liability for law enforcement activities while exercising due care.

## TENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION
### (G.C. 820.8 - Act or Omission of Third Party)

As an affirmative defense, Defendant alleges that, pursuant to the provisions of Government Code sections 820.8 and 815.2, a public entity and its employees, officers and agents are immune from tort liability for injuries caused by the act or omission of another person.

## ELEVENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION
### (Probable Cause)

As an affirmative defense, Defendant alleges that Defendant had probable cause to believe that Plaintiff had committed felonies or misdemeanors in the presence of Defendant.

## TWELFTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION
### (Civil Rights - Good Faith)

As an affirmative defense, Defendant alleges that at all times material hereto Defendant acted in an objectively reasonable manner and is entitled to the qualified immunity of good faith as a defense to actions brought as civil rights violations under 42 U.S.C. section 1983.

## THIRTEENTH AFFIRMATIVE DEFENSETO EACH CAUSE OF ACTION

As an affirmative defense, Defendant alleges that at all times material hereto Defendant acted in an objectively reasonable manner and is entitled to the qualified immunity of good faith as a defense to actions brought as civil rights violations under 42 U.S.C. section 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION
### (Civil Rights - Custom-Policy)

As an affirmative defense, Defendant alleges that if wrongful action did take

1701429.1

place, it was not pursuant to custom, policy or usage of the public entity.

## FIFTEENTH AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION

### (Mitigation of Damages)

As an affirmative defense, Defendant alleges that Plaintiff is barred from recovery herein, in whole or in part, by reason of failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSETO EACH CAUSE OF ACTION

### (Statute of Limitations)

As an affirmative defense, Defendant alleges that the complaint is barred under the provisions of Code of Civil Procedure sections 335.1 and 338.

## SEVENTEENTH AFFIRMATIVE DEFENSETO EACH CAUSE OF ACTION

### (Failure to Present Timely Government Claim)

This action is barred because Plaintiff failed to present a timely Government Claim.

## EIGHTEENTH AFFIRMATIVE DEFENSETO EACH CAUSE OF ACTION

### (No Vicarious Liability)

Defendant is not vicariously liable for the complained of acts of Defendants Tomsic and Weldin because said acts were committed outside of the course and scope of their employment and served no legitimate policy purpose.

WHEREFOR, Defendant prays that Plaintiff take nothing by way of his first amended complaint and that said Defendant be dismissed with costs herein incurred and for such other and further relief as the Court deems just and proper.


DATED:  July 19, 2022                    WOODRUFF, SPRADLIN & SMART, APC


                                         By: */s/ Patrick M. Desmond*
                                             PATRICK M. DESMOND
                                             Attorneys for Defendant CITY OF
                                             TORRANCE, a public entity

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1701429.1

1

## **DEMAND FOR JURY TRIAL**

2         Defendant CITY OF TORRANCE, a public entity, hereby demand that this

3  case be tried by a jury.

4

5  DATED:  July 19, 2022        WOODRUFF, SPRADLIN & SMART, APC

6

7                         By: */s/ Patrick M. Desmond*

8                            PATRICK M. DESMOND
                              Attorneys for Defendant CITY OF

9                              TORRANCE, a public entity

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1701429.1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

On July 19, 2022, I served the foregoing document(s) described as Defendant **CITY OF TORRANCE's ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list;

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached service list.

☐ **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on July 18, 2022, at Costa Mesa, California.

s/ *Vilay Lee*
VILAY LEE

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

1701429.1

24

## <u>KILEY DELIEFDE SWAINE v. CITY OF TORRANCE, et al.</u>

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO. 2:22-cv-00404-MCS-RAO**

**BEFORE THE HONORABLE**
**MARK C. SCARSI**
**COURTROOM 7C**

## <u>SERVICE LIST</u>

Jerry L. Steering, Esq.                          Attorney for Plaintiff
Brenton W. Aitken Hands, Esq.          **KILEY DELIEFDE SWAINE**
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660
T:  (949) 474-1849 | F:  (949) 474-1883
Email:  jerry@steeringlaw.com
          brentonaitken@gmail.com

1701429.1