UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-00404-MCS-RAO | Date | September 12, 2022 |
| Title | *Swaine v. City of Torrance* | | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE: STIPULATION TO DISMISS (ECF No. 55)**

Plaintiff Kiley Deliefde Swaine and Defendants Van Lingen Towing, Inc., Van Lingen Body Shop, Inc., and Robert Van Lingen stipulate to dismiss the Van Lingen Defendants from this action with prejudice and to grant a lien of $35,000 against this action in favor of the Van Lingen Defendants. (Stip., ECF No. 55.) The Court treated the stipulation as a motion for voluntary dismissal under Rule 41(a)(2) and invited the other parties to respond. (Order, ECF No. 56.) No timely response was filed.

The Court grants the stipulation in substantial part. Pursuant to the stipulation, Plaintiff's claims against Van Lingen Towing, Inc., Van Lingen Body Shop, Inc., and Robert Van Lingen are dismissed with prejudice. The Van Lingen Defendants, and each of them, are granted a lien against this case in the amount of $35,000, as and for attorney's fees and costs incurred in defending themselves in the case, which sum will be paid from any proceeds recovered by Plaintiff from any other defendants named or unnamed in the case.

The Court declines to exercise jurisdiction over the settlement between Plaintiff and the Van Lingen Defendants. Federal courts have no inherent power to enforce settlement agreements after dismissal. *See Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 378 (1994). "[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 382. However, a court may enter an order of dismissal expressly retaining jurisdiction to enforce a settlement as a condition of dismissal. *Id.* at 381–82. The parties have not filed the written settlement agreement, so the Court lacks vital information it would need to enforce the agreement. On this basis, the Court declines to retain jurisdiction over the settlement to the extent its terms extend beyond the lien imposed by this order. *See Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 303 F.R.D. 337, 351 (E.D. Cal. 2014) (observing that courts have discretion to decline jurisdiction to enforce a settlement agreement).

**IT IS SO ORDERED.**